UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RAYNARD WILLIAMS,

        Plaintiff,                Case No. 1:23-cv-646

v.                                  Honorable Robert J. Jonker

RICK COLEMAN et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**     **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues Rick Coleman, D.O., Nurse Practitioner Sarah Henson, Registered Nurse Patricia Lamb, Registered Nurse Kathy Sherwood, and Registered Nurse Tamarla Hamilton.

Plaintiff alleges that he suffers from nummular eczema and, in or around November 2022, ran out of Absorbase cream (also known as Eucerin). (ECF No. 1, PageID.5.) Plaintiff claims that, when Defendant Henson sought to renew Plaintiff's prescription for Absorbase cream, Defendant Coleman denied Defendant Henson's request three times, despite being aware of "swelling, scarring, scaling, etc." associated with Plaintiff's eczema outbreak. (*Id.*) Defendant Henson instructed Plaintiff to wash his armpits and groin and gave Plaintiff a prescription for Vistaril "to address the terrible itching." (*Id.*) When Plaintiff informed "health services" that the Vistaril was giving Plaintiff "debilitating headaches" and that he was particularly susceptible to shingles, MRSA, and scabies because of his eczema abrasions, Plaintiff was told by an unidentified party to purchase an equivalent of Absorbase from the inmate store. (*Id.*) Plaintiff claims that the inmate store lacks any equivalent cream. (*Id.*)

For months, Plaintiff continued to use Vistaril even though it "did not stop the itching and only caused severe headaches," resulting in pain, bleeding, and scarring on the backs of Plaintiff's legs, and Plaintiff's thighs, shoulders, hands, and back. (*Id.*) In response to Plaintiff's kites, Defendants Hamilton and Sherwood told Plaintiff to follow Defendant Hanson's treatment plan, and to re-kite if Plaintiff continued to experience problems. (*Id.*) When Plaintiff brought the issue to Defendant Lamb's attention, Defendant Lamb informed Plaintiff that she was unaware of Plaintiff's pain despite Plaintiff's correspondence to "health care." (*Id.*) "They" continued to deny Plaintiff's request for Aborbase, offering only Vistaril. (*Id.*)

Plaintiff claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of Plaintiff's Eighth Amendment rights. (*Id.*) He seeks compensatory and punitive damages and injunctive relief. (*Id.*, PageID.6.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment rights through deliberate indifference to Plaintiff's medical condition. (ECF No. 1, PageID.6.) The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).

In keeping with the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment, U.S. Const. amend. VIII, the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words,

4

the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted). "[I]f a plaintiff suffered from a minor or non-obvious medical condition, he can show that his condition was objectively serious 'if it is one that has been diagnosed by a physician as mandating treatment.'" *Mattox v. Edelman*, 851 F.3d 583, 598 (6th Cir. 2017) (quoting *Blackmore*, 390 F.3d at 897).

The subjective component of the Eighth Amendment's deliberate indifference standard requires an inmate to plead facts that would demonstrate that that the prison official had "a

5

sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted).

### A.      Defendant Coleman

Plaintiff claims that Defendant Coleman was deliberately indifferent to Plaintiff's medical condition in refusing to prescribe Absorbase cream to treat Plaintiff's eczema. However, "[n]ot 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL 2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir.1997)). A serious medical

6

need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that the prisoner required immediate medical attention that even a lay person would easily recognize the severity of the situation. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). The Eighth Amendment does not require that the state treat prisoners at a level that "exceeds what the average reasonable person would expect or avail [him]self of in life outside the prison walls." *Dean v. Coughlin*, 804 F.2d 207, 213 (2d Cir. 1986).

Multiple courts, including this one, have concluded that dermatological conditions like Plaintiff's eczema are simply not sufficiently serious as to implicate the Eighth Amendment. *See, e.g.*, *Sledge v. Kooi*, 564 F.3d 105, 107 (2d Cir. 2009) (per curiam) (holding that eczema is not an objectively serious medical condition under the Eighth Amendment); *Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (holding that eczema and athlete's foot are not objectively serious medical conditions under the Eighth Amendment); *Tasby v. Cain*, 86 F. App'x 745 (5th Cir. 2004) (holding that although the plaintiff "suffered a rash" that "does not establish that he suffered 'serious harm'"); *Young v. Jourden*, No. 1:19-cv-854, 2021 WL 849324, at *13 (W.D. Mich. Feb. 5, 2021), *report and recommendation adopted in part, rejected in part on other grounds*, 2021 WL 716896 (W.D. Mich. Feb. 24, 2021) (finding that a plaintiff's eczema, which caused cracked and dry skin that bled when the plaintiff scratched it, was not an objectively serious medical condition); *Cox v. Hartshorn*, 503 F. Supp. 2d 1078, 1085 (C.D. Ill. 2007) (holding that a fungal rash is not an objectively serious medical condition); *Gray v. Ghosh*, No. 12 C 194, 2013 WL 5497250, at *1 (N.D. Ill. Oct. 3, 2013) (collecting cases). Plaintiff therefore fails to allege that his eczema is objectively serious and cannot satisfy the objective prong of the deliberate indifference inquiry as against Defendants Coleman.

**B.      Defendant Henson**

Plaintiff appears to allege that Defendant Henson was also deliberately indifferent in treating Plaintiff's eczema in ordering Plaintiff to wash his body and in prescribing Vistaril to treat Plaintiff's itching, which caused Plaintiff to experience headaches.

Not only does Plaintiff's claim related to Defendant Henson's treatment of Plaintiff's eczema fail to satisfy the objective test for the same reasons as previously discussed, but Plaintiff also fails to satisfy the subjective prong of the deliberate indifference test.

"[T]he prescribing of drugs by a physician[, or other medical provider,] which causes side effects does not constitute deliberate indifference." *Mason v. Eddy*, No. 1:18-cv-2968, 2019 WL 3766804, at *11 (N.D. Ohio Aug. 9, 2019) (citations omitted); *see, e.g.*, *Walker v. Abdellatif*, No. 1:07-cv-1267, 2009 WL 579394, at *7 (W.D. Mich. Mar. 5, 2009) (discussing that "medication adjustments involve the doctor's medical judgment regarding plaintiff's treatment," and a plaintiff's "disagreement with the health care providers regarding his diagnosis and treatment does not rise to the level of a federal constitutional violation" (citations omitted)); *Christensen v. United States*, No. 5:11-321-KKC, 2013 WL 4521040, at *4 (E.D. Ky. Aug. 26, 2013) (discussing that the doctor's "decision to continue [the inmate's] prescription for [the medication that caused side effects] was evidently based upon her medical judgment that its benefits to his long-term cardiac health outweighed its detrimental side effects"). This is particularly true where there are no allegations that Defendant Henson was even aware that Vistaril would cause Plaintiff this unwanted side effect or that Plaintiff ultimately experienced side effects.

Although it is clear from Plaintiff's complaint that Plaintiff disagrees with the order that Plaintiff wash his body and apply over-the-counter cream and the decision to prescribe Vistaril, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d

8

361, 372 (6th Cir. 2017) (citations omitted); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014) ("[A] desire for additional or different treatment does not suffice by itself to support an Eighth Amendment claim." (citations omitted)). Plaintiff cannot state a claim against Defendant Henson under § 1983.

### C. Defendants Hamilton, Sherwood, and Lamb

Finally, Plaintiff alleges that Defendant Nurses Hamilton, Sherwood, and Lamb were each aware that Plaintiff was experiencing headaches caused by the Vistaril but told Plaintiff to continue with the course of treatment ordered by Defendant Henson. However, Plaintiff fails to plead sufficient facts that would indicate that the headaches were sufficiently serious so as to give rise to an Eighth Amendment claim or that Defendants Hamilton, Sherwood, and Lamb were deliberately indifferent to the same.

> In evaluating the seriousness of a prisoner's medical condition,
>
> a line is drawn between the medical conditions or complaints which require medical treatment and those which present what are essentially options for the inmate in terms of seeking relief from symptoms. On one side of this line are conditions such as occasional indigestion or constipation, dandruff, acne, vitiligo, chapped lips, dry hands, most headaches, most colds (uncomplicated with fever), seasonal allergies, eczema, and muscle ache from exertion, and those conditions which dictate "treatment" for cosmetic purposes or purposes of convenience or comfort.

*Watkins v. Butcher*, No. 1:21 CV 609, 2021 WL 3110001, at *3 (N.D. Ohio July 22, 2021) (citing *Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387 (W.D. Mich. Feb. 3, 2009) (concluding that "inmate's complaint that he found it hard to sleep because the lack of proper ventilation, dry air and dust in the unit caused him to suffer sinus headaches and congestion pressure was not 'the sort of serious medical condition that would implicate the Eighth Amendment'"); *Davidson v. Scully*, No. 81 Civ. 0390(PKL), 86012, 2001 WL 963965, at *5 (S.D.N.Y. Aug. 22, 2001) (finding that "inmate's common seasonal allergies which caused headaches, earaches, sinus congestion,

9

soreness in his throat and eyes, tearing, and nasal infections did not constitute serious medical need under the Eighth Amendment")).

> On the other side of the line are serious medical needs which may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)). The state need not treat prisoners at a level that "exceeds what the average reasonable person would expect or avail [him]self of in life outside the prison walls." *Dean v. Coughlin*, 804 F.2d 207, 213 (2d Cir. 1986).

*Id.* (alteration in original).

Headaches typically fall on the first side of the line—that for which an inmate may seek relief, but for which professional medical treatment is not required. *See, e.g.*, *id.*; *Payne v. Sevier Cnty., Tenn.*, No. 3:14-CV-346-PLR-CCS, 2016 WL 552351, at *6 (E.D. Tenn. Feb. 10, 2016), *aff'd*, 681 F. App'x 443 (6th Cir. 2017) (finding that "occasional nose bleeds, swollen gums, headaches, and nasal pressure resulting in blurred eyesight—were not such that a lay person would be on notice that his or her failure to administer an independent medical examination placed Plaintiff at significant risk of harm"); *Smalley v. Hininger*, No. 1:14-0028, 2015 WL 4112410, at *12 (M.D. Tenn. July 8, 2015), *report and recommendation adopted*, No. 1:14-CV-028, 2015 WL 4542436 (M.D. Tenn. July 27, 2015) (holding that the prisoner's reported headaches, lightheadedness, and nosebleeds were not sufficiently serious conditions to satisfy objective prong of deliberate indifference claim); *Strepka v. Jonsgaard*, 2011 WL 2883375, at *15 (D. Colo. July 18, 2011) ("Headaches , dizziness, and disorientation, without more do not rise to the level of a 'serious medical need.'"), *report and recommendation adopted*, 2011 WL 5569493 (D. Colo. Nov. 16, 2011); *Davidson v. Scully*, 155 F. Supp. 2d 77, 82 (S.D.N.Y. 2001) (finding that headaches, earaches, sinus congestion, soreness in his throat and eyes, tearing, and nasal infections did not constitute objectively serious medical need under the Eighth Amendment).

10

Plaintiff alleges in a conclusory fashion that his headaches were "debilitating"; however, Plaintiff fails to provide the Court with any factual allegations that would support this conclusion or plausibly suggest that Plaintiff's headaches created a medical condition that would require professional medical treatment in the outside world. *See Dean*, 804 F.2d at 213. Plaintiff does not detail how he was affected by the headaches. He also does not allege that he attempted to alleviate the headaches using over-the-counter medication or non-medical measures but was unsuccessful, or even that he sought and was denied treatment for his headaches by Defendants Hamilton, Sherwood, and Lamb.

In short, Plaintiff has failed to plead enough facts to state a claim. Plaintiff appears to ask the Court to fabricate plausibility to his claim from mere ambiguity. But ambiguity does not support a claim. It is Plaintiff's obligation at this stage in the proceedings to plead enough factual content to permit the Court to draw a reasonable inference that Defendants violated the Eighth Amendment. *See Iqbal*, 556 U.S. at 679. Plaintiff has not done so here. His Eighth Amendment claims against Defendants Hamilton, Sherwood, and Lamb will be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to

11

§ 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:     July 31, 2023                    /s/ Robert J. Jonker
                                            Robert J. Jonker
                                            United States District Judge